UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN FLEENOR, ROY GONZALEZ,<br><br>Defendants. | CASE NO. C14-5158 RBL-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

Plaintiff Thomas Richey moves the Court for an order compelling the deposition of Defendant Fleenor. Dkt. 12. Because Mr. Richey's proposed method of taking the deposition is not an acceptable method of proceeding under the federal rules, the motion will be denied.

**BACKGROUND**

In this 42 U.S.C. § 1983 action, Mr. Richey alleges that Defendants Fleenor and Gonzalez violated his First Amendment rights because they issued him a minor infraction for using used envelopes to mail documents to the court. Dkt. 5.

On March 21, 2014, Mr. Richey sent a notice of deposition to counsel for Defendants indicating that he intended to take the deposition of Defendant Steven Fleenor on May 26, 2014. He invited defendant to bring a recording device and stated that he would record his questions and answers with pen and paper, "subject to confirmation of accuracy following each answer from defendant's attorney." Dkt. 12, Exhibit 1. Mr. Fleenor objected to Mr. Richey's proposed

method of taking his deposition. *Id.*, Exhibit 2. Mr. Richey moves for an order compelling Mr. Fleenor to comply with his proposed deposition method and to pay his expenses of $8.00. Dkt. 12. Defendants do not object to the taking of a deposition in compliance with the federal rules. Dkt. 13. It does not appear that Mr. Richey has served written discovery requests on Mr. Fleenor.

**DISCUSSION**

Fed. R. Civ. P. 30(b)(1) requires that a party seeking to take a deposition provide written notice to the opposing party. The notice must state the method of recording the testimony. Fed. R. Civ. P. 30(b)(3)(A) provides that unless the court orders otherwise "testimony is to be recorded by audio, audiovisual or stenographic means." The rule provides further that "[t]he noticing party bears the recording costs." Fed. R. Civ. P. 30(b)(5) states that "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28 who will administer the oath to the deponent and begin the deposition with a statement of the date, time, and place of deposition and the name of the deponent and all persons present." Fed. R. Civ. P. 30(b)(5)(A)(i)-(iii). If the deposition is conducted by non-stenographic means, this officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. At the close of the deposition, the officer must state on the record that the deposition is complete and set out stipulations made during the deposition in the presence of the parties and the deponent. Fed. R. Civ. P. 30(b)(5)(B).

Fed. R. Civ. P. 28 defines the term "officer" within the meaning of Rule 30. Fed. R. Civ. P. 28 provides that a deposition must be taken by an officer authorized to administer oaths or a person appointed by the court to administer oaths. Fed. R. Civ. P. 28(c) states that a deposition may not be taken before a person "who is any party's relative, employee or attorney; who is related to or employed by a party's attorney; or who is financially interested in the action."

1  Alternatively, the parties may agree to use an employee of the Department of Corrections
2  to perform these duties to alleviate the high cost of using a private business. The individual
3  chosen by the parties to provide the oath at a deposition should operate two tape recorders to
4  produce two original recordings of the deposition. Defendants may request a copy of the original
5  tape at their cost or stenographically record the deposition at their own cost. One original tape
6  shall be placed in an envelope, sealed, and signed by the person chosen or appointed to give the
7  oath and delivered in its sealed state to the Clerk of the Court for filing with the court record. If
8  the testimony from the deposition is to be used by either party in a motion, pleading or any
9  aspect of the trial, the party proposing to use that testimony must supply the court with a written
10 transcript of the relevant portions of the deposition however, a transcript of the deposition shall
11 not be filed with the court unless it is to be used by a party in a motion, pleading, or trial of this
12 matter. In addition, a transcript of the deposition, in whole or in part, shall not be filed with the
13 court unless the deponent has had the opportunity to review and make any changes or corrections
14 he or she deems necessary.

15  Mr. Richey should also consider Rule 31 (depositions upon written questions) or serving
16 written interrogatories to Defendants to obtain the information he seeks. Accordingly, it is

17 **ORDERED:**

18  1) Plaintiff's motion to compel and for costs (Dkt. 12) is **DENIED.**

19  2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

20  Dated this 4th day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL- 3